# In the United States District Court
# for the Southern District of Georgia
# Brunswick Division

IRE GENE GROVNER, JR.,　　　　　　*
　　　　　　　　　　　　　　　　　*
　　　Plaintiff,　　　　　　　　　*
　　　　　　　　　　　　　　　　　*
　　v.　　　　　　　　　　　　　　*
　　　　　　　　　　　　　　　　　*　　CV 213-89
GEORGIA DEPARTMENT OF NATURAL　　 *
RESOURCES, and FRED HAY, JR.,　　 *
in his individual capacity,　　　 *
　　　　　　　　　　　　　　　　　*
　　　Defendants.　　　　　　　　 *

## ORDER

Presently before the Court is a Bill of Costs filed by Defendants Georgia Department of Natural Resources and Fred Hay, Jr. (collectively, "Defendants"). Dkt. No. 50. Plaintiff Ire Gene Grovner, Jr. ("Plaintiff"), has filed Objections to Defendants' Bill of Costs (dkt. no. 51), to which Defendants have filed a Response (dkt. no. 52). Upon due consideration, Plaintiff's Objections (dkt. no. 51) are **OVERRULED**, and Defendants' Bill of Costs (dkt. no. 50) is **GRANTED**.

## BACKGROUND

Plaintiff filed this discrimination action against Defendants on July 8, 2013, alleging that Defendants wrongfully denied his applications for employment on their ferry. Dkt. No. 1, ¶ 1. Defendants moved for summary judgment on Plaintiff's

claims, dkt. no. 28, which the Court granted in an Order dated March 31, 2015, dkt. no. 47. On April 1, 2015, the Clerk of Court entered final judgment in favor of Defendants and closed this case. Dkt. No. 48.

On May 1, 2015, Defendants filed a Bill of Costs seeking to tax $3,474.23 against Plaintiff. Dkt. No. 50. Specifically, Defendants request reimbursement for the following expenses: (1) "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case" in the amount of $3,255.60; and (2) "[f]ees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case" in the amount of $218.63. Id. at p. 1. Defendants also provide an itemized list of the various expenditures included in these figures, as well as invoices from a court reporter and a copying company reflecting the amounts charged for their related serviced. Id. at pp. 3-10.

On May 15, 2015, Plaintiff filed Objections to Defendants' Bill of Costs. Dkt. No. 51. In his Objections, Plaintiff urges the Court to deny or defer ruling on Defendants' Bill of Costs, on the grounds that Plaintiff's appeal of this action is currently pending before the Court of Appeals for the Eleventh Circuit. Id. at pp. 2-3. In the alternative, Plaintiff asks the Court to consider his limited financial means and significantly reduce any costs taxed to him accordingly. Id. at

AO 72A
(Rev. 8/82)

pp. 3-4. In an Affidavit attached to his Objections, Plaintiff attests that his annual earnings include a salary of approximately $27,000 from his job as a Ranger for the Georgia Forestry Commission, as well as income from his personal tour-guide business ranging between $20,000 to $25,000, much of which goes toward expenses and overhead. Dkt. No. 51-1, ¶¶ 2-3. Plaintiff further affies that his monthly expenses include payments of about $790 toward his home mortgage, $400 toward a mortgage on another property, and $1,000 for utilities and feed for his farm animals. Id. at ¶¶ 4-5.

Defendants filed a Response to Plaintiff's Objections on June 1, 2015. Dkt. No. 52. Defendants maintain that Plaintiff fails to put forth a valid reason to deny costs, and emphasize that "there exists no prohibition against taxing costs during the pendency of an appeal." Id. at pp. 2-3. Additionally, Defendants argue that the Court should not consider Plaintiff's financial status in deciding costs, because Plaintiff did not file this case in forma pauperis and submits only an affidavit that "supports neither indigence nor inability to pay the [B]ill of [C]osts." Id. at pp. 3-4.

## DISCUSSION

Federal Rule of Civil Procedure 54 ("Rule 54") provides that a court should award costs to a prevailing party "[u]nless a federal statute, these rules, or a court order provides

3

otherwise." Fed. R. Civ. P. 54(d)(1). Rule 54 thus "establishes a presumption that costs are to be awarded to a prevailing party, but vests the district court with discretion to decide otherwise." Chapman v. AI Transport, 229 F.3d 1012, 1038 (11th Cir. 2000).

The costs that are taxable against a nonprevailing party are defined in 28 U.S.C. § 1920 ("Section 1920") as follows:

> (1) [f]ees of the clerk and marshal; (2) [f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) [f]ees and disbursements for printing and witnesses; (4) [f]ees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) [d]ocket fees under section 1923 of this title; [and] (6) [c]ompensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

A court is bound by the limitations set forth in Section 1920 and, accordingly, may not tax costs not listed in that section, absent explicit statutory or contractual authorization to do so. Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 445 (1987). The burden lies with the nonprevailing party to demonstrate that a requested cost is not taxable. Sensormatic Elecs. Corp. v. Tag Co. US, No. 06-81105, 2009 WL 3208649, at *2 (S.D. Fla. Oct. 2, 2009) (citing EEOC v. W&O, Inc., 213 F.3d 600, 621 (11th Cir. 2000)).

AO 72A
(Rev. 8/82)

Although a court has discretion not to award full costs to the prevailing party, this discretion "is not unfettered." Chapman, 229 F.3d at 1039 (citing Head v. Medford, 62 F.3d 351, 354-55 (11th Cir. 1995)). Because Rule 54 creates a presumption in favor of awarding costs, "the denial of costs is in the nature of a penalty for some defection on [the prevailing party's] part in the course of the litigation." Id. (alteration in original) (quoting Walters v. Roadway Express, Inc., 557 F.2d 521, 526 (5th Cir. 1977)). As such, to defeat this presumption and deny full costs, a court "must have and state a sound basis for doing so." Id. (citing Head, 62 F.3d at 354).

It is against this backdrop that the Court considers each of Plaintiff's Objections, as well as Defendants' requested costs, in turn.

## I. Plaintiff's Objection Based on the Pending Appeal of this Action

As a general matter, the filing of a notice of appeal divests a district court of jurisdiction over any matters involved in the appeal. Taylor v. Sterrett, 640 F.2d 663, 667-68 (5th Cir. 1981) (citing 9 Moore's Federal Practice, at 3-44 (2d ed. 1980)).[1] Nevertheless, a district court may retain

---

[1] As the cited case was decided prior to September 30, 1981, it is adopted as binding precedent in the Eleventh Circuit. See Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981).

5

jurisdiction over certain motions for costs while an appeal is pending. See Rothenberg v. Sec. Mgmt. Co., 677 F.2d 64, 64 (11th Cir. 1982) ("It is well settled in this circuit that costs may be taxed after a notice of appeal has been filed." (citing Baum v. United States, 432 F.2d 85 (5th Cir. 1970), and United States v. Kolesar, 313 F.2d 835 (5th Cir. 1963))). As the Advisory Committee's Note to Rule 54 explains—albeit in the context of costs owing to attorney's fees—"[i]f an appeal on the merits of the case is taken, the court may rule on the claim for fees, may defer its ruling on the motion, or may deny the motion without prejudice, directing . . . a new period for filing after the appeal has been resolved." Fed. R. Civ. P. 54(d)(2) advisory committee's note to 1993 amendment.

Relying on this authority, several district courts in the Eleventh Circuit have declined to stay ruling on a bill of costs pending appeal, finding no valid reason for postponing the decision of taxable costs. See, e.g., City of Fort Lauderdale v. Scott, No. 10-61122-CIV-COHN/SELTZER, 2013 U.S. Dist. LEXIS 27644, at *3-4 (S.D. Fla. Feb. 27, 2013) (denying a motion to stay the decision on a bill of costs pending appeal, and awarding costs for copying fees incurred in the course of litigation); Breedlove v. Hartford Life & Accident Ins. Co., No. 6:11-cv-991-Orl-28TBS, 2013 U.S. Dist. LEXIS 12468, at *2-4 (M.D. Fla. Jan. 30, 2013) (denying a motion to stay the ruling

6

on a bill of costs pending appeal, where the bill of costs requested payment of clerk's fees as well as fees for the service of subpoenas, transcripts, witnesses, and exemplification and copying); Yale Galanter, P.A. v. Johnson, No. 06-60742-CIV, 2008 WL 1766907, at *1 (S.D. Fla. Apr. 14, 2008) ("While the Court understands it has the authority to deny the bill of costs without prejudice to refiling after resolution of the appeal, the Court prefers to rule upon the motion at this time and enter a judgment for costs.").

As an initial matter, the Court finds no reason to deny Defendants' Bill of Costs altogether on the basis of the pending appeal, as Plaintiff does not show any defection on Defendants' part during the course of litigation that would warrant such a penalty. See Chapman, 229 F.3d at 1039. Nor does the Court find any valid reason for delaying ruling on the Bill of Costs pending appeal. Indeed, the immediate resolution of the costs now due to Defendants—which consist of their transcription, exemplification, and copying expenses incurred in this litigation, dkt. no. 50, p. 1—will neither impair nor impede the adjudication of the merits on appeal. Moreover, Rule 54 grants the Court wide discretion to control the timing of decisions on motions for costs filed during the pendency of an appeal, and the Court chooses to exercise such discretion in favor of an immediate ruling on the Bill of Costs filed in this case. See

7

Fed. R. Civ. P. 54(d)(2) advisory committee's note to 1993 amendment. Thus, Plaintiff's Objection to Defendants' Bill of Costs on the basis of the appeal of this action is **OVERRULED**.

**II. Plaintiff's Objection Based on His Financial Status**

"[A] non-prevailing party's financial status is a factor that a district court may, but need not, consider in its award of costs." Chapman, 229 F.3d at 1039. Even so, the Court of Appeals for the Eleventh Circuit has determined that a court should take this factor into account only in "rare circumstances," because a "foundation of the legal system [is] that justice is administered to all equally, regardless of wealth or status." Id. (quoting Cherry v. Champion Int'l Corp., 186 F.3d 442, 448 (4th Cir. 1999)). Thus, before a court may consider the financial status of a nonprevailing party, "it should require substantial documentation of true inability to pay." Id. (requiring that there be "clear proof of the non-prevailing party's dire financial circumstances"). Moreover, even where a court considers this factor, it nevertheless "may not decline to award any costs at all." Id.

This case does not present the type of "rare circumstances" contemplated by the Eleventh Circuit in Chapman. Plaintiff did not file this case in forma pauperis, and even if he had, this evidence alone would not establish his inability to pay Defendants' costs. See Ang v. Coastal Int'l Sec., Inc., 417

8

App'x 836, 839 (11th Cir. 2011) (finding that the plaintiff's affidavit and in forma pauperis status did not amount to substantial evidence of an inability to pay). Moreover, the record reflects that Plaintiff is currently employed as a Ranger with an annual salary of $27,000, and receives additional income of about $20,000 to $25,000, less expenses and overhead, each year from his tour-guide business. Dkt. No. 51-1, ¶¶ 2-3. The record also shows that Plaintiff owns two properties as well as farm animals, id. at ¶¶ 4-5, and his expenses related to the same are not unusual but merely incidental to ownership.

On this evidence, the Court simply cannot find that Plaintiff demonstrates such dire financial circumstances so as to warrant considering his financial status as a factor in awarding costs to Defendants. Cf. Anderson v. Columbia Cty., No. CV112-031, 2015 WL 1959083, at *2-3 (S.D. Ga. May 1, 2015) (finding substantial documentation of the plaintiffs' inability to pay, based on evidence that one plaintiff was a decedent's estate with no assets, and the other an elderly woman receiving only social security benefits going almost entirely to her long-term care facility); Daughtry v. Army Fleet Support, LLC, No. 1:11CV153-MHT, 2014 WL 466109, at *4 (M.D. Ala. Feb. 5, 2014) (finding an inability to pay based on the plaintiff's affidavit that he was unemployed, undergoing foreclosure proceedings, lacked health insurance, and could not afford necessary

9

medication). Accordingly, Plaintiff's Objection to this end is **OVERRULED**.

III. **Defendants' Bill of Costs**

Defendants are entitled to recover costs pursuant to Rule 54. See Fed. R. Civ. P. 54(d)(1). Defendants' expenses fall within the realm of costs that are reimbursable under Section 1920: (1) $3,255.60 for "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case"; and (2) $218.63 for "[f]ees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case." Dkt. No. 50, p. 1; see also 28 U.S.C. § 1920(2), (4). Moreover, Defendants' requested costs appear to be accurate and reasonable—based on the itemized list and the invoice submitted therewith, see dkt. no. 50, pp. 3-10—and, significantly, Plaintiff does not dispute Defendants' Bill of Costs on these grounds. Thus, Defendants' Bill of Costs reflects the amounts properly taxable to Plaintiff as the nonprevailing party pursuant to Rule 54(d)(1).

## CONCLUSION

Based on the foregoing, Plaintiff's Objections to Defendants' Bill of Costs (dkt. no. 51) are **OVERRULED**. Defendants' Bill of Costs (dkt. no. 50) is **GRANTED**, and the Clerk of Court is **DIRECTED** to tax the following costs against Plaintiff:

AO 72A
(Rev. 8/82)

| | |
|---|---:|
| Fees paid for printed transcripts: | $3,255.60 |
| Fees paid for making copies: | $218.63 |
| Total: | $3,474.23 |

**SO ORDERED**, this 23RD day of October, 2015.

_/s/ Lisa Godbey Wood_
LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)